[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an eminent domain action in which Bridgeport's Redevelopment Agency (BRA) took premises at 420 Stratford Avenue, Bridgeport bounded and described as follows:
 All that certain piece or parcel of land with the buildings thereon situated in the City of Bridgeport, County of Fairfield and State of Connecticut, bounded and described as follows:
NORTH: On Stratford Avenue, 42.81 feet;
 EAST: On land now or formerly of Sarah Hochberg, 123.32 feet;
 SOUTH: On land now or formerly of Walter S. Wilmot, 44.5 feet;
 WEST: On land now or formerly of Mary A. Noonan, 123.73 feet.
 Together with the right of way over the westerly 3.5 feet of land of Sarah Hochberg adjoining on the East and subject to a like right of way over the easterly 3.5 feet of the above described premises for a distance of 90 feet from Stratford Avenue, said two strips of land constituting a driveway seven (7) feet in width to be used in common by the owners of the. above described land and the land adjoining on the east. Said premises are also known as 470 Stratford Avenue, Bridgeport. CT Page 11611
BRA deposited the sum of $74,000 with the clerk of the Superior Court as compensation for said taking.
The defendant, Juan Hernandez Ramos, a/k/a Juan Hernandez, the owner of said property has appealed from said taking, claiming that the deposit of $74,000 is not adequate compensation for said taking.
Testifying for the defendant appellant was appraiser, Frank Brennan, who arrived at a fair market of $156,200 by employing the capitalization of income method.
Testifying from the appellee, BRA, was appraiser, Peter Vimini; who using the comparable sales approach arrived at a fair market value of $75,000. It was Vimini's opinion that the highest and best use of the property was as a two family house and based on an examination of two family houses some two miles from the subject property, he adjusted for features such as location, age, construction condition, size and number of units.
As stated it was Vimini's opinion that the highest and best use of the property was as a two family house.
The highest and best use concept has been defined as "the use which will most likely produce the highest market value, greatest financial return or the most profit from the use of a particular piece of real estate." Conn. Printers, Inc. v Redevelopment Agency, 159 Conn. 407,411. Considering this concept literally and bearing in mind, also that, Ramos, the appellant, purchased the property in 1971 empty and in poor condition, it should be noted that thereafter, he improved and developed it, replacing the roof, all heating, electrical and plumbing elements and cleaned up and, as appellant's brief describes it, cosmeticized the entire interior. It was Ramos' contention that when he purchased the property, it was a fine unit parcel with two efficiency units on the first floor, in addition to a four room apartment. The second floor was a six room apartment and the third floor consisted of a four room apartment. It was on the basis of these improvements that, Brennan, asserted that the "highest and best use" would be for the continued use by the appellant, had not subject property been condemned.
It was the appellee's opinion that the use of the property as a five family house was illegal based on the failure to obtain pertinent building permits for cosmeticizing the property, remodeling or certificate of occupancy. Brennan further admitted that if the property was not a legal five unit building, it would change his value. Finally it was conceded that the appellant had been paying taxes on the property as CT Page 11612 a two family house.
The appellant argues that the failure to obtain the required zoning approval and building approvals, would not affect a potential purchaser from offering a purchase price reflecting the income being produced, since the city had never attempted to interfere with the renovations or establishment of five separate units for some thirty years.
Faced with such contrasting opinions, the court feels that it should give some allowance to the appellees' argument of illegality, but at the same time recognize that it is faced with an existing condition, and not a theory, which had existed for some thirty years.
As a final issue the appellant has claimed the amount of $1,842.66 paid by him as a prepayment penalty under his mortgage clause which provided for the same in the event of a taking under eminent domain. The court will include this claim in its judgment.
The court finds damages in favor of the appellant for the parcel taken in the amount of $101,842.66. A deposit of $74,000 has been withdrawn by the appellant leaving a balance due to the appellant of $27,892.66, together with appraisal fees and testimony in the amount of $5,500. Judgment may enter accordingly with statutory interest from the date of taking to the date of payments.
Belinkie, Judge Trial Referee